UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. CALIHAN,<br><br>Plaintiff,<br><br>v.<br><br>M. E. SPEARMAN, et al.,<br><br>Defendants. | Case No.  15-cv-05069-YGR (PR)<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

## I.    BACKGROUND

On November 5, 2015, Plaintiff, who is currently incarcerated at the California Training Facility, filed this *pro se* civil rights action on a form entitled, "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." Dkt. 1.  He has since filed an amended complaint on a similar civil rights complaint form.  Dkt. 11.  In his amended complaint, Plaintiff names the following Defendants: Warden M. E. Spearman and "John Does 1-25." *Id.* at 2.  His motion for leave to proceed *in forma pauperis* ("IFP") will be granted in a separate written Order.

The Clerk of the Court opened this action as a civil rights action pursuant to 42 U.S.C. § 1983.  It was classified as a prisoner civil rights case involving conditions of confinement (nature of suit 555).  However, thereafter, Plaintiff has submitted a new "Civil Cover Sheet" and now requests to "change the federal nature of the suit from 555 to 375 under the False Claims Act [("FCA" or "the Act")], Qui Tam Act, 18 U.S.C.S. [§§] 286-287." Dkt. 13 at 1.  Plaintiff claims that the "[b]ody of the Complaint falls under the Qui Tam Act." *Id.*

The FCA, which Congress originally enacted in 1863, is the government's "primary litigative tool for combatting fraud" against the federal government.  Senate Judiciary Committee, False Claims Amendments Act of 1986, S. Rep. No. 345, 99th Cong., 2d Sess. 2 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266.  The Act authorizes both the Attorney General and private persons to bring civil actions to enforce the Act.  31 U.S.C. § 3730 (1988).  Congress amended the FCA in 1986 to increase the financial and other incentives for private individuals to bring suits under the Act and thereby to enlist the aid of the citizenry in combatting the rising problem of "sophisticated and widespread fraud." 2 S. Rep. No. 345 at 2, 23-24, *reprinted in* 1986 U.S.C.C.A.N. at 5267,

United States District Court<br>Northern District of California

United States District Court
Northern District of California

5288-89.  Section 3730(b) of the FCA as now constituted provides that a person may bring a civil action for a violation of the substantive provisions of the Act "for the person and for the United States Government.  The action shall be brought in the name of the Government."  31 U.S.C. § 3730(b)(1).  An action under this provision is termed a "qui tam"[1] suit, and the person who brings such an action is referred to as a "relator" or "informer."  If the government files an action to enforce the FCA, a would-be relator may not later bring any action based on the same underlying facts.  31 U.S.C. § 3730(e)(3).  Nor may a private party litigate a qui tam suit based on the public findings of a government investigation or on disclosures in the news media, unless that party is an original and independent source of the information on which the complaint is based. *Id.* § 3730(e)(4)(A)-(B).

Here, Plaintiff, who wishes to identify himself as the "relator," brings this qui tam action seeking to expose Defendant Spearman for "committing fraud by mis-use of monies, funds for such mandated mental health, Re-entry HUB Programs,[2] that are in place per policies and John Does 1-25 under his direction."  Dkt. 11 at 3 (footnote added).  Plaintiff asserts that Defendants have "committed fraud as the main Defendant Warden M. E. Spearman is not using the funds that are issued for the mental health, Re-entry HUB Programs, as these funds are mandated by the Federal Courts, United States Supreme Court, and spelled out in the original complaint filed on 11/05/15."  *Id.*  Plaintiff's acts of listing the "United States of America" under "Parties" as a "Plaintiff" and indicating that the "United States of America" should be considered "lead Plaintiff" are construed as evidence of his desire for the Government to join this lawsuit.  *Id.* Plaintiff further requests that the United States of America "conduct an in-depth investigation into the fraud—misuse of funds—that Defendant M. E. Spearman and John Does (1-25) are doing . . . as this falls under [the] Qui Tam Act."  *Id.*  Plaintiff also demands a "jury trial . . . [and that the] U.S. Dept. [of] Justice conduct a[n] audit of all funds received for implementation of the mental

---

[1] The term "qui tam" is short for "*qui tam pro domino rege quam pro se imposo sequitur*," which is interpreted as "who brings the action as well for the king as for himself."  *Bass Anglers Sportsman's Soc'y of America v. U.S. Plywood-Champion Papers, Inc.*, 324 F. Supp. 302, 305 (S.D. Tex. 1971).

[2] Reentry Hub programming is geared to ensure that, upon release, offenders are ready for the transition back into society.

1    health—re-entry HUB—programs and a[n] audit of funds spent by Defendant(s) for such

2    programs." *Id.*

3    **II.   DISCUSSION**

4        28 U.S.C. § 1915(e)(2) provides that the court "shall" dismiss any case brought IFP "if the

5    court determines" that the allegation of poverty is untrue, or that the action or appeal is frivolous,

6    malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

7    defendant who is immune from such relief.  Section 1915(e)(2) is not limited to prisoners.

     *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).  It applies to all litigants proceeding IFP.  *See id.*;

8    *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999).

9        Here, Plaintiff is seeking IFP status, and is a prisoner within the meaning of 28 U.S.C.

10   § 1915.[3]  Thus, section 1915(e) (2) is applicable to this matter.

11        Failure to state a claim is a grounds for dismissal before service under section 1915(e)(2)

12   as well as under Federal Rule of Civil Procedure 12(b)(6).  Dismissal for failure to state a claim is

13   a ruling on a question of law.  *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480,

14   1483 (9th Cir. 1995).  "The issue is not whether plaintiff will ultimately prevail, but whether he is

15   entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561

16   (9th Cir. 1987).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

17   detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment]

18   to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

19   cause of action will not do . . . .   Factual allegations must be enough to raise a right to relief above

20   the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

21   omitted).  A motion to dismiss should be granted if the complaint does not proffer "enough facts

22   to state a claim for relief that is plausible on its face." *Id.* at 570

23        *Pro se* pleading must be liberally construed and, "however inartfully pleaded, must be

24   held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v.*

25   *Gamble*, 429 U.S. 97, 106 (1976))

26   _____

27        [3] "Prisoner" is defined as "any person incarcerated or detained in any facility who is
     accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or
28   the terms and conditions of parole, probation, pretrial release, or diversionary program." 28
     U.S.C. § 1915(h).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

As mentioned above, Plaintiff, who is proceeding *pro se*, wishes to prosecute the instant action as a qui tam action.  However, the Ninth Circuit has recognized that *pro se* relators cannot prosecute qui tam actions.  *See Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126-28 (9th Cir. 2007) (because qui tam action is prosecuted on behalf of United States, relator cannot proceed *pro se*).  The Ninth Circuit's conclusion that a *pro se* relator cannot prosecute a qui tam action on behalf of the United States is consistent with the decisions of other circuits to have addressed the issue.  *See United States ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004); *see also Safir v. Blackwell*, 579 F.2d 742, 745 n. 4 (2d Cir. 1978); *United States v. Onan*, 190 F.2d 1, 6 (8th Cir. 1951); *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008); *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 Fed. Appx. 802, 803 (4th Cir. 2007); *U.S. v. Oran*, 190 F.2d 1, 6 (8th Cir. 1951).  The rationale for these decisions rests partially on the general rule that a *pro se* litigant cannot represent anyone but himself.  These courts have reasoned that the government is the real party in interest in a qui tam action and because the outcome of a qui tam action could have claim or issue-preclusive effect on the United States, the need for adequate legal representation on behalf of the United States is obviously essential.  *See United States ex rel. v. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 197 (D.D.C. 2005); *see also U.S. ex rel. Lu*, 368 F.3d at 775-76.  In this sense, qui tam suits are analogous to class actions suits because the ultimate decree will have a binding effect on all members of the class.  And, it is well-established that *pro se* incarcerated plaintiffs are not adequate class representatives able to represent and adequately protect the interests of the class fairly.  *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing *in propria persona* has no authority to represent anyone other than himself").  Therefore, for those same reasons, Plaintiff cannot adequately represent the interests of the United States here.

Accordingly, given the mandatory language of 28 U.S.C. § 1915(e)(2) requiring a court to *sua sponte* dismiss IFP actions that are frivolous or fail to state a claim, Plaintiff's qui tam suit is DISMISSED for failure to state a claim upon which relief can be granted because as a *pro se* prisoner, he cannot adequately represent the Government's interests in investigating and prosecuting the alleged violations.

4

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.    CONCLUSION

For the reasons outlined above, this action is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

IT IS SO ORDERED.

Dated: April 20, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge